**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

SEP 24 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10186 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-01428-FJM-1 |
| v. | |
| JOSE ROSENDO SEGUNDO-ORELLANA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted September 9, 2013
San Francisco, California

Before: SCHROEDER and BYBEE, Circuit Judges, and BATTAGLIA, District
Judge.[**]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The Honorable Anthony J. Battaglia, District Judge for the U.S. District Court for the Southern District of California, sitting by designation.

Defendant Jose Segundo-Orellana was convicted of possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii)(II). Segundo asserts six bases for reversal of his conviction on appeal: (1) an alleged violation of Federal Rule of Criminal Procedure 16(a)(1)(G); (2) the decision to allow certain expert testimony at trial; (3) the decision to give a deliberate ignorance instruction; (4) various instances of alleged prosecutorial misconduct; (5) the denial of Segundo's motion to suppress; and (6) the denial of Segundo's request for an evidentiary hearing on his motion to suppress. For the reasons that follow, we affirm.

1.    Federal Rule of Criminal Procedure 16(a)(1)(G)

We review discovery rulings under Rule 16 for abuse of discretion. *See United States v. Danielson*, 325 F.3d 1054, 1074 (9th Cir. 2003). "To reverse a conviction for a discovery violation, [the court] must find not only that the district court abused its discretion, but that the error resulted in prejudice to substantial rights." *United States v. Baker*, 10 F.3d 1374, 1398 (9th Cir. 1993), *overruled on other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir. 2000). "The prejudice that must be shown to justify reversal for a discovery violation is a likelihood that the verdict would have been different had the government complied with the discovery rules, not had the evidence been suppressed." *Id*. at 1398 n.8.

Even assuming, arguendo, that the government failed to disclose its experts opinions and the bases and reasons for those opinions, as required by Rule 16 (a)(1)(G), Segundo has not shown the requisite degree of prejudice. Segundo was on notice of the potential use and content of blind mule testimony, and he did not object to the drug front testimony at trial. Therefore, Segundo cannot show a likelihood that the verdict would have been different had the government complied with Rule 16 (a)(1)(G).

2.      Expert testimony

A district court's decision to admit expert or lay opinion testimony is reviewed for an abuse of discretion and will be reversed only if manifestly erroneous. *United States v. Gonzalez*, 307 F.3d 906, 909 (9th Cir. 2002).

Agent Gorgue was qualified to testify as an expert on trucking based on his experience as a Border Patrol agent. *See* Fed. R. Evid. 702. When Agent Gorgue testified at trial, he had been a Border Patrol agent for over six years and had talked with hundreds, if not thousands, of truckers as part of his job. Moreover, Agent Gorgue sufficiently explained how his experience had led to the conclusions he reached. Furthermore, some of the testimony to which Segundo now objects was not expert testimony at all, including Agent Gorgue's testimony regarding the existence of lumber mills in Gadsen.

DEA Agent Michael Boyne was qualified to testify as an expert on drug trafficking organizations ("DTOs") based on his experience, too. *See id.* When Agent Boyne testified at trial, he had been a DEA agent for fifteen months; he had completed a nineteen-week program at the DEA Training Academy that included courses on the characteristics of the modern-day drug trafficker; and he had been a "part of" eight investigations and had "assist[ed]" on twenty to thirty investigations. This experience was sufficient under Rule 702, and any weaknesses in Agent Boyne's experience were properly addressed through cross-examination and limiting instructions to the jury. And as with Agent Gorgue, Agent Boyne's remaining testimony was not expert in nature. Accordingly, the district court did not abuse its discretion by allowing Agents Gorgue and Boyne to testify as experts.

3.     Deliberate ignorance instruction

A district court's decision to give a deliberate ignorance instruction is reviewed for abuse of discretion. *See United States v. Heredia*, 483 F.3d 913, 921 (9th Cir. 2007) (en banc). If the district court decides to give a deliberate ignorance instruction in addition to an actual knowledge instruction, it must find that "the jury could rationally find willful blindness even though it has rejected the government's evidence of actual knowledge." *Id.* at 922.

The government adduced more than sufficient evidence at trial to support a deliberate ignorance instruction. This evidence included Segundo's admission that the circumstances surrounding his trip seemed odd to him, his suspicious answers and outright lies to the Border Patrol agents, and his "deer in the headlight look" when the agents requested his assistance. Therefore, viewing the evidence in the light most favorable to the government, *see id.*, the district court did not abuse its discretion by giving a deliberate ignorance instruction here.

4.     Prosecutorial Misconduct

Because Segundo failed to object at trial, we review his claims of prosecutorial misconduct for plain error. *See United States v. Moreland*, 622 F.3d 1147, 1158 (9th Cir. 2010). "Under the plain error standard, relief is not warranted unless there has been: (1) 'error,' (2) that was 'plain,' (3) that affected 'substantial rights,' and (4) that 'seriously affected the fairness, integrity, or public reputation of the judicial proceedings.'" *Id.* (quoting *United States v. Recio*, 371 F.3d 1093, 1100 (9th Cir. 2004)).

Segundo cannot satisfy his burden under the plain error standard. The prosecutor's cross-examination of the defense expert regarding his testimony in a prior lawsuit was probative of the expert's character for truthfulness and thus appropriate under Federal Rule of Evidence 608(b). Moreover, the prosecutor's

5

statement that Segundo was not a willing cooperator and that Segundo knew there was no dispatch to call for a delivery address were "reasonable inferences based on the evidence," not prosecutorial misconduct. *United States v. Molina*, 934 F.2d 1440, 1445 (9th Cir. 1991). Similarly, the prosecutor's comments regarding the burden of proof and the defense's "hammer[ing] of the prosecution" were well within the reasonable latitude afforded to prosecutors in fashioning closing arguments. *See id*. As a result, there was no error that might warrant reversal.

5.      Motion to suppress

"We review the district court's denial of [a] motion to suppress *de novo* and the district court's underlying factual findings for clear error." *United States v. Giberson*, 527 F.3d 882, 886 (9th Cir. 2008). A stop at a permanent Border Patrol checkpoint "is reasonable per se, so long as the scope of detention remains confined to a few brief questions, the possible production of a document indicating the detainee's lawful presence in the United States, and a 'visual inspection of the vehicle . . . limited to what can be seen without a search.'" *United States v. Taylor*, 934 F.2d 218, 220 (9th Cir. 1991) (quoting *United States v. Martinez-Fuerte*, 428 U.S. 543, 558 (1976)).

Agent Siddens limited his detention of Segundo to a few brief questions before referring the truck for a secondary inspection. Agent Siddens did not need

6

individualized suspicion, *see United States v. Wilson*, 7 F.3d 828, 833 (9th Cir. 1993), and even if he had needed it, Segundo's suspicious answers and his passenger's nervous conduct would have provided it. Agent Gorgue likewise limited his detention of Segundo to a few brief questions before obtaining consent to search the truck. Agent Gorgue did not need articulable suspicion to ask Segundo a few brief questions, and Segundo's responses to these initial questions then provided the articulable suspicion required to further extend the stop. At that point, Segundo voluntarily consented to the search of his truck. As a result, neither agent violated Segundo's Fourth Amendment rights, and the district court correctly denied Segundo's motion to suppress.

6.     Evidentiary hearing

A district court's decision not to conduct an evidentiary hearing on a motion to suppress is reviewed for abuse of discretion. *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). "An evidentiary hearing on a motion to suppress need be held only when the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *Id*.

Because the facts essential to the district court's analysis were uncontested, the district court did not abuse its discretion by deciding not to conduct an evidentiary hearing on Segundo's motion to suppress.

**AFFIRMED.**